■ In the Matter of the Estate of GEORGE S. COLLURA, Deceased. GEORGE T. COLLURA, Appellant; ANNETTE PUGLISI, Respondent. [612 NYS2d 214] —In a proceeding pursuant to SCPA article 10 to obtain letters of administration for the estate of George S. Collura, the petitioner George T. Collura appeals, as limited by his brief, from (1) so much of a decree of the Surrogate's Court, Dutchess County (Bernhard, S.), entered February 11, 1993, as decreed that Annette Puglisi is the daughter of the decedent George S. Collura and a distributee of his estate, and (2) so much of an order of the same court, entered August 27, 1993, as upon granting reargument, adhered to the original determination.

Ordered that the appeal from the decree entered February 11, 1993, is dismissed, as that order was superseded by the order entered August 27, 1993, made upon reargument; and it is further,

Ordered that the order entered August 27, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs payable personally by George T. Collura.

The decedent, George S. Collura, died intestate on July 23, 1992. The petitioner Annette Puglisi, the decedent's alleged daughter, applied to the Surrogate's Court for letters of administration. The appellant George T. Collura filed objections to granting of letters of administration to Annette and cross-petitioned for the same relief. He claimed that he was not aware that his father had another child and that Puglisi should produce a birth certificate and submit to a blood test to determine whether the decedent was her biological father.

We agree with the Surrogate's Court that Puglisi met her burden of establishing that she is the legitimate daughter of the deceased and that she is entitled to share in his estate. According to Puglisi, her mother and the decedent were married on August 27, 1955 and she was born on May 21, 1956. Her parents were divorced on February 28, 1957. Her mother remarried in May 1957 and her stepfather adopted her in 1962. She presented documentation, including a divorce decree terminating her mother's marriage to the decedent, which established that she is the legitimate child of the decedent and a distributee of his estate (see, Domestic Relations Law §§ 24, 175 [2]; § 117 [1] [e] [2]). As stated in *Matter of Findlay* (253 NY 1, 6): "Potent, indeed, the presumption [of legitimacy] is, one of the strongest and most persuasive known to the law". The son's assertion that neither he nor his mother knew of Puglisi is not sufficient to rebut the presumption. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.